**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nadesh Mantap Nkweta, | No. CV-26-02828-PHX-SMB |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, | |
| Respondent. | |

On June 10, 2026, Magistrate Judge Camile D. Bibles issued a Report and Recommendation ("R&R") (Doc. 10) regarding Petitioner's Petition for Writ of Habeas Corpus Pursuant (Doc. 1).  The R&R recommended that the Petition be granted and that Petitioner be given a bond hearing.  (Doc. 9 at 5–6.)  The R&R notified the parties that they had seven days to file any written objections to the R&R.  (*Id.* at 6.)  Neither party filed an objection.  Although the Court is not required to review "any issue that is not the subject of an objection," *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Court reviewed the record and determines that the Petition should be denied.

An illegal alien "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Petitioner is detained pursuant to § 1225(b)(1).  The Supreme Court has determined there is no statutory right to bond hearings for aliens detained during the pendency of removal proceedings under § 1225(b)(1).  *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the

length of detention.  And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  The Court is thus persuaded by the growing line of authority finding that "there is no constitutional right to a bond hearing in this context."  *See, e.g.*, *Mamedova v. Noem*, No. CV-25-04619, 2026 WL 1162282, at *3 (D. Ariz. Apr. 29, 2026). Thus, the Court concludes that Petitioner has no statutory or constitutional right to a bond hearing throughout the completion of the immigration proceedings.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 9) is **rejected**.

**IT IS THUS ORDERED denying** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 22nd day of July, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge

- 2 -